REQUESTED BY: Senator Bill Harris Nebraska State Legislature 1017 State Capitol Lincoln, Nebraska 68509
Dear Senator Harris:
This is in response to your letter of April 3, 1985, in which you discuss problems with the distribution of child support payments as they are sent to the receiving parent. Your questions concern the authority of a county to hold payments while waiting for checks to clear, the authority to collect interest, and the disposition of that interest.
The clerks of the district courts, as the representatives of the courts, receive all payments resulting from judgments and decrees, and disburse payments to the proper parties. The general record keeping duties of the clerks of the courts are set out in Neb.Rev.Stat. §§ 25-2204 to25-2214 (Reissue 1979). Section 25-2214 provides as follows: "The clerk of each of the courts shall exercise the powers and perform the duties conferred and imposed upon him by other provisions of this code, by other statutes, and the common law."
Sections 42-358 and 42-358.01 to 42-358.07 set out the duties of the clerks of the district courts in the collection of child support. It should be noted that the Legislature was quite specific as to the duties of the clerks of the district courts in keeping records of delinquencies (§ 42-358.01) and in computing interest on delinquencies, and in keeping the court informed (§ 42-358.02(3)). There are no specific statutes setting out time constraints in the disbursement of child support once payment (a check) is received from the obligor.
Section 24-337.03(1) sets out the duties of the clerks of the district courts in matters of money and property it has received:
 Whenever any money or other property is received by the clerk of the district court, he or she shall carefully manage it and may, when the money cannot immediately be paid out to its rightful owner, deposit the money in interest-bearing accounts in insured banking or savings institutions. Any interest accrued from such deposit shall be paid over to the county treasurer to be credited to the county general fund.
It would therefore appear that the clerk would be required to use generally sound fiscal practices in the disbursement of child support. It would follow then, that the allowance of a reasonable time for checks to clear would be proper. Conversely, issuance of child support payments without awaiting clearance of the checks could, in the case of an insufficient fund or no fund check, result in personal liability or subject the clerk to the possibility of being charged with neglect of duty due to the fact that county funds would be expended for a debt that is not an obligation of the county.
In view of the above, it is our opinion that the procedure of payment is discretionary with the clerks consistent with sound fiscal practices, and that interest which accrues is credited to the general fund pursuant to Neb.Rev.Stat. § 24-337.03(1) (Reissue 1979).
Sincerely,
ROBERT M. SPIRE Attorney General
Royce N. Harper Assistant Attorney General